IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BERNARD M. MORRISEY,

    Plaintiff,

v.                                     Civil Action No. 5:10CV84
                                                  (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Bernard M. Morrisey, filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. In his application, the plaintiff alleges disability beginning August 1, 2002 due to a broken neck, complications from injury, and chronic pain.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on May 1, 2008, before an administrative law judge ("ALJ"). The plaintiff, represented by counsel, testified on his own behalf, as did a vocational expert ("VE"). On August 1, 2008, the ALJ issued a decision finding that the plaintiff had not been under a disability within the meaning of the Social Security Act since the date the application was filed.

The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On January 14, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be denied and the plaintiff's motion for summary judgment be granted in part by reversing the Secretary's decision under sentence four of 42 U.S.C. § 405(g), with remand of the matter to the Secretary for further proceedings consistent with the report and recommendation. The magistrate judge further recommended that, on remand, the Secretary be directed to clarify his reasons for finding that the plaintiff has the residual functional capacity ("RFC") to perform light work and explain how Dr. Sella's opinion is consistent with that RFC determination. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections to the report and recommendation, thus, the plaintiff waived his right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In his motion for summary judgment, the plaintiff alleges that the ALJ's decision should be reversed because it is arbitrary, contrary to law, and unsupported by substantial evidence. In support of this motion, the plaintiff argues that the ALJ improperly rejected the opinion of Dr. Sella by not adopting his recommendation that the plaintiff be limited to only occasional standing and walking.

The Commissioner contends that substantial evidence supports the ALJ's finding that the plaintiff could perform a reduced range of light work. The defendant further argues: (1) the ALJ appropriately evaluated Dr. Sella's opinion under the regulations;

(2) the ALJ was not obligated to adopt Dr. Sella's functional limitations in their entirety when crafting the RFC assessment; and (3) even with additional limitations, the record supports a finding that the plaintiff could perform his past relevant work.

Magistrate Judge Joel issued a report and recommendation in which he found that the ALJ's step four determination in the five-step sequential evaluation process is not supported by substantial evidence. See 20 C.F.R. § 404.1520 (describing the five-step sequential evaluation process to determine if a claimant is disabled). After comparing the opinion evidence cited by the ALJ to the definitions of physical exertion requirements provided in the regulations and discussed in SSR 83-10, 1983 WL 31251 (1983), the magistrate judge found that the ALJ's RFC determination is not supported by substantial evidence. Specifically, the ALJ gave great weight to Dr. Sella's opinion that the plaintiff could sit and occasionally stand, but the magistrate judge notes that light work requires the ability to walk or stand, which, according to Dr. Sella's opinion, is more than the plaintiff is capable of doing. Light work requires approximately six hours of walking or standing, but because the plaintiff is only able of occasionally standing, he can only meet the sedentary exertional requirements, which involve standing or walking for only two hours total per eight-hour work day. See SSR 83-10, 1983 WL 31251, at *5-6 (1983) (describing the sedentary level of exertion and the requirements for light work).

4

The magistrate judge highlights the fact that although the ALJ cited with approval Dr. Sella's opinion that the plaintiff could sit and stand occasionally, the ALJ failed to explain how this evidence is consistent with a light work RFC. Thus, the magistrate judge concluded that the ALJ's RFC determination is not supported by substantial evidence.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for SSI is not supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is DENIED, and the plaintiff's motion for summary judgment is GRANTED IN PART by reversing the Secretary's decision under sentence four of 42 U.S.C. § 405(g). The matter is hereby REMANDED to the Secretary for further proceedings consistent with the report and recommendation of the magistrate judge. On remand, the Secretary is DIRECTED to clarify her reasons for finding that the plaintiff has the residual functional capacity to perform light work and explain how Dr. Sella's opinion is consistent with that RFC determination. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 22, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE